ERIC GRANT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEDEL BEACHAM, JR.,<br><br>Defendant. | CASE NO. 2:25-CR-00257-DJC<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America and defendant Gledel Beacham, Jr. stipulate as follows:

1. The government currently possesses discovery material identifying a minor victim in this case (the "protected material"). The government desires and intends to produce certain protected material to counsel for the defendant.

2. The purpose of this stipulation and requested order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to protected material in connection with this case.

3. The protected material is now and will forever remain the property of the United States. The protected material is entrusted to counsel for the defendant only for purposes of representation of the defendant in this case. Counsel for the defendant shall not give protected material to any person

1 other than counsel's staff assisting in litigating this case. The term "staff" shall explicitly include
2 attorneys, paralegals, and investigators assisting counsel for the defendant in the present case and
3 exclude any other defendant in this case, or any other pending case against the defendant, any other
4 counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than
5 those specifically described in this paragraph.

6     4. Any person receiving access to protected material from counsel for the defendant shall be
7 bound by the same obligations as defense counsel. Hence, any person receiving access to protected
8 material from counsel for the defendant may not give protected material to anyone.

9     5. If hard copies of protected material are produced or generated, counsel for the defendant
10 shall not make any copies, duplicates, or recordings of the protected material. If hard copies of protected
11 material are produced or generated, counsel for the defendant may, however, take written or typed notes
12 summarizing the protected material and, if necessary to the litigation of the instant matter, may have
13 protected material transcribed.

14     6. Counsel for the defendant shall maintain a list of persons to whom any portions or copies
15 of protected material are being or have been given. Such persons shall be provided with a copy of this
16 stipulation and proposed order and shall sign their full names to a copy of the stipulation and agree to be
17 bound by the order and note that they understand its terms and agree to them by signing.

18     7. Counsel for the defendant may use any and all protected material in the defense of the
19 defendant in the instant case in any manner deemed essential to adequately represent the defendant (*i.e.*,
20 in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in
21 reproducing and summarizing protected material for use in trial preparation summaries, exhibits and as
22 evidence, as may be needed), consistent with the proposed order as it shall be originally prepared and
23 signed. In the event defense counsel desires to use protected material in a manner not authorized under
24 the requested order, counsel shall be entitled to seek to have the requested order amended by the Court
25 after giving notice to counsel for the government in a hearing before the Court.

26     8. Counsel for the defendant is authorized to discuss with the defendant the contents of any
27 protected material. Counsel for the defendant and any members of defense counsel's staff, however, are
28 prohibited from, in any way, giving to the defendant:

  a) Any protected material itself;

  b) Copies of any protected material;

  c) Copies of excerpts of protected material; or

  d) Summaries of any protected material.

 9. The above prohibition will not extend to the defendant viewing protected material in open court should any of these materials or summaries of these materials be used in the litigation of this case.

 10. Within thirty days of the finality of the instant case against the defendant, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for the defendant shall return any and all copies of protected material and so certify to the attorney for the government.

 IT IS SO STIPULATED.

Dated: November 18, 2025      ERIC GRANT
                 United States Attorney

                 /s/ SAM STEFANKI
                 SAM STEFANKI
                 Assistant United States Attorney

Dated: November 18, 2025      /s/ MICHAEL HANSEN
                 MICHAEL HANSEN
                 RICHARD DUDEK
                 Counsel for Defendant
                 GLEDEL BEACHAM, JR.

# [PROPOSED] ORDER

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the protected material as defined in the stipulation in this case.

Date: November 18, 2025

_____
THE HONORABLE JEREMY D. PETERSON
United States Magistrate Judge